IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| JEFFREY LAWRENCE COX | * | Chapter 13 |
| dba M&C AUTO GROUP, | * | |
|     Debtor | * | Case No.: 1:11-BK-03909 MDF |
| | * | |
| JEFFREY LAWRENCE COX | * | |
| dba M&C AUTO GROUP, | * | |
|     Movant | * | |
| | * | |
| v. | * | |
| | * | |
| JACK R. CLAUSER and | * | |
| IRMA I. CLAUSER | * | |
|     Respondents | * | |

**OPINION**

Before me is the motion of Jeffrey Lawrence Cox ("Debtor") seeking to avoid a judicial lien filed by Jack R. Clauser, II, Steven D. Clauser and Constance M. Merkel as trustees for Jack R. Clauser and Irma I. Clauser ("Respondents"). For the reasons set forth below, Debtor's motion will be granted.

**I. Procedural and Factual History**

Debtor filed a Chapter 13 petition on May 28, 2011. On Schedule D, Debtor listed a judgment of $117,443.83 entered on January 1, 2003 that is a lien on Debtor's residence located at 853 Kiehl Drive, Lemoyne, Pennsylvania (the "Residence"). Debtor's original schedules listed the Residence as having a value of $400,000.00, but Debtor filed an amended Schedule A on July 12, 2011, stating that the revised value of the property was $310,000.00 based on a market analysis.

Two mortgages were recorded ahead of the Respondent's lien, one held by Northwest Savings Bank ("Northwest") and the other held by EMC Mortgage ("EMC"). Before the petition

was filed the Residence was subject to two additional judicial liens, but both liens had been avoided before the hearing on Respondent's lien.

Under the terms of Debtor's confirmed plan, EMC was to be paid outside the plan with accumulated arrearage to be cured in the plan. The proof of claim filed by Debtor on EMC's behalf states that its claim is $153,918.00. Northwest filed a proof of claim for $160,090.12. After Debtor filed an objection to the claim, Northwest filed an amended claim in a reduced amount. In the confirmed plan, Debtor proposed to pay $151,391.11 to Northwest over the term of the plan. Therefore, the total amount due on unavoidable mortgages recorded against the Residence before considering junior judicial liens is $305,309.11.

On Schedule C, Debtor claimed an exemption in the Residence, but did not specify the amount. The case having been filed in 2011, the maximum amount Debtor could possibly claim as exempt for his residence was $21,695.00.

Respondents filed an objection to Debtor's motion to avoid the lien and a hearing was held on November 1, 2016. Debtor requested an opportunity to submit a brief on the issue of whether a lien may be avoided under 11 U.S.C. § 522(f) when a debtor holds no equity in the property. Debtor having filed his brief, this matter is ripe for decision.[1]

## II. Discussion

A debtor may avoid the fixing of a judicial lien on the debtor's interest in property to the extent that the lien impairs an exemption to which the debtor otherwise is entitled. 11 U.S.C § 522(f)(1). To determine whether a lien impairs an exemption, the Bankruptcy Code requires a

---

[1]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is a non-*Stern* core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B). This Opinion constitutes findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052.

court to calculate whether the sum of the judicial lien, all other liens on the property, and the exemption amount if there were no liens on the property exceeds the value of the debtor's interest in the property without considering any liens. 11 U.S.C. § 522(f)(2)(A). Here, the calculation is performed by first adding Respondent's lien to other liens recorded against the Residence and the statutory exemption amount:

| | |
|---|---|
| Respondents' lien | $117,443.83 |
| EMC's lien | $153,918.00 |
| Northwest's lien | $151,391.11 |
| Debtor's maximum exemption | $ 21,695.00 |
| Total | $444,449.94 |

The next step to determine whether the exemption is impaired is to subtract the value of Debtor's interest in the property disregarding any liens (in this case $310,000.00) from the total of $444,449.94. Debtor's exemption in the Residence is considered impaired to the extent of the difference between these two numbers, or $134,447.94. Accordingly, under the statutory computation, Respondent's lien may be avoided in its entirety.

At the hearing, the evidence was unclear as to whether there was any equity above the two unavoidable mortgages to which Respondent's lien could attach or from which Debtor could claim an exemption. This issue, however, proved to be moot. By taking judicial notice of the documents filed in this case, I am able to determine that Respondents' judicial lien impaired Debtor's exemption in the Residence. But because this is an issue that frequently arises in consumer cases, it is important to clarify that the 1994 Bankruptcy Reform Act, Pub. L. No. 103-394, 108 Stat. 4106, Sec. 702, directly addresses the issue of whether a lack of equity in property precludes avoidance of a lien. "Congress has made it clear in amending Section 522 that a lien will be deemed to impair an exemption, even when there is no equity in the property, if the sum

3

Case 1:11-bk-03909-MDF    Doc 132    Filed 01/06/17    Entered 01/06/17 13:01:47    Desc
Main Document    Page 3 of 4

of all the liens on the property and the hypothetical value of the exemption without liens exceeds the value of the debtor's interest in the property in the absence of liens." *Higgins v. Household Finance Corp. (In re Higgins)*, 201 B.R. 965, 967-68 (B.A.P. 9th Cir. 1996).

Accordingly, whether or not Debtor enjoyed equity in the Residence, under the provisions of § 522(f), Respondents' lien may be avoided.

**By the Court,**

Date: January 6, 2017

*/s/ Mary D. France*
Bankruptcy Judge